UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DeANDRE L. KENDRICK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED CANNABIS CORPORATION,<br><br>Defendant. | CAUSE NO. 2:25-CV-511-GSL-JEM |

OPINION AND ORDER

DeAndre L. Kendrick, a prisoner without a lawyer, filed a frivolous complaint that does not state a claim. ECF 1. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Even giving Kendrick's complaint a liberal construction, as the court must, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), there are no possible facts that would allow this complaint to proceed.

Kendrick alleges that in May 2024, while still incarcerated at Westville Correctional Facility, he sought to purchase cannabis from the United Cannabis Corporation. He says he called the company, and after speaking with the receptionist, she told him that "it is not easy for his kind to obtain a recreational cannabis card." ECF 1 at 2. When Kendrick followed up on her statement, she told him that she was referring to him being Black. Kendrick asked to speak to her supervisor, and the receptionist terminated the call. He is suing United Cannabis Corporation for racial discrimination

in violation of his Eighth Amendment rights. He is seeking compensation in the form of one thousand pounds of cannabis of his choice and $250,000 in damages.

Kenrick cannot sue United Cannabis Corporation under the Eighth Amendment, or any constitutional provision, because the Constitution constrains only government action, and not private companies. *See, e.g., Hallinan v. Fraternal Ord. of Police of Chicago Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009) ("The First and Fourteenth Amendments to the Constitution protect citizens from conduct by the government, but not from conduct by private actors, no matter how egregious that conduct might be."). Sometimes private conduct can be considered state action when there is sufficient state involvement. *See id.* at 815-16 (listing ways private conduct can be attributable to the state). No such governmental connection is alleged in the complaint, nor is it plausible that any connection would exist.

There are statutes that prohibit a private party from discriminating on the basis of race, but none apply here because cannabis is not legal under federal law. 21 U.S.C. §§ 812(c)(17), 844. Cannabis is not legal in Indiana, either. *See* IND. CODE § 35-48-4-11. Kendrick cannot recover damages for racial discrimination in the making of a contract that is illegal. *See Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 77 (1982) ("[I]llegal promises will not be enforced in cases controlled by the federal law."); *Tiffany v. Boatman's Sav. Inst.*, 85 U.S. 375, 385 (1873) ("[A] contract to do an act forbidden by law is void, and cannot be enforced in a court of justice.").

This complaint does not state a claim for relief. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where

amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Here, Kendrick's contention that he should be allowed to purchase cannabis while in prison is frivolous, and it would be futile to allow an amendment.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on November 26, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT